# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**RAFAEL ANGEL DIAZ NIEVES,**

    **Plaintiff,**

**-vs-**                    Case No. 6:11-cv-1505-Orl-31DAB

**EDNA IRIZARRY, DILLIA CARRASQUILLO,
FELICIA MARIE THERM BLOW,**

    **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

  This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**  **MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* (Doc. No. 2)**
>
> **FILED:**   **September 13, 2011**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

  Plaintiff seeks to proceed in this action *in forma pauperis*. Upon an affidavit of indigency, any court of the United States may authorize a party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a). However, the Court may dismiss the case or refuse to permit it to continue without payment of fees if the Plaintiff fails to allege a non frivolous cause of action within the limited jurisdiction of the federal court. The Court lacks subject matter jurisdiction based on diversity of citizenship, or alternatively based on the *Rooker-Feldman* doctrine, based on Plaintiff's claims which seek relief

from his ex-wife, her divorce attorney, and her mother for claims that they inappropriately used his medical records in his divorce case and in an hearing for a domestic violence injunction.

Plaintiff filed his Complaint alleging various state tort claims – violation of privacy, falsification of medical documents, defamation of character, libel, intentional infliction of emotional distress, and fraud – against his ex-wife, her divorce attorney, and her mother for use of his medical records in a hearing in which his ex-wife sought an injunction for domestic violence against Plaintiff. Doc. 1. Plaintiff alleges that his ex-wife "acted upon her attorney's instructions in order to declare him "mentally incompetent before the Veterans Administration in order to gain full control of the Plaintiff's Service Connected Disability Income." Doc. 1 ¶ 6. He further alleges that his ex-wife transferred properties to her mother and they "engaged in a pattern of financial exploitation." Doc. 1 ¶ 8.

Plaintiff alleges that his ex-wife's attorney, as part of the domestic violence hearing and in support of her claims of fear against Plaintiff "read and used Plaintiff's medical records [from the Veterans Administration] to mislead the Court" allegedly in violation of state and federal laws. Doc. ¶ 11-12. Plaintiff alleges that his ex-wife also made his medical records public, disclosing information to stores and public buildings which barred him; Plaintiff contends the local hospital would not treat him when he attempted suicide. Doc. 1 ¶ 13. He further alleges that his ex-wife and her attorney used the records to "fraudulently obtain custody of [his] children." Doc. 1 ¶ 15.

To the extent Plaintiff asserts state claims arising from disclosure of his medical records, such claims are not within the limited jurisdiction of this Court. A federal district court has original jurisdiction over cases in which the parties are citizens of different states and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Federal jurisdiction pursuant to 28 U.S.C. § 1332 exists only when there is complete

diversity between the plaintiffs and the defendants and the amount in controversy requirement is met. *See Owen Equip. and Recreation Co. v. Kroger,* 427 U.S. 365, 98 S. Ct. 2396, 57 L. Ed. 2d 274 (1978). In order to achieve complete diversity no plaintiff may be a citizen of the same state as any of the defendants. *Id*. at 373. As alleged by Plaintiff, he is a citizen of Florida as are all of the Defendants, thus, there is no diversity of citizenship and the Court lacks jurisdiction based on the face of the Complaint. Plaintiff's remedies must lie, if at all, with the state courts which have general jurisdiction to hear tort cases.

To the extent that Plaintiff asserts what is essentially a challenge to the disclosure of his medical information in the course of his divorce litigation, such claims are not within the limited jurisdiction of this Court. Federal courts generally cannot review state court proceedings over divorce, property distribution, or custody proceedings, since the federal courts are not a forum for appealing state court decisions. *Hays v. Hays*, 789 F.Supp. 378, 379-380 (M.D. Fla. 1992) (citing *Staley v. Ledbetter*, 837 F.2d 1016, 1017-1018 (11th Cir. 1988) (district court lacked jurisdiction to hear a constitutional claim which essentially sought to reverse a state court's custody determination)). The United States District Court "has no authority to review final judgments of a state court in judicial proceedings. Review of such judgments may be had only in [the United States Supreme Court]." *District of Columbia Ct. of App. v. Feldman,* 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-416 (1923). Nor, under the *Rooker-Feldman* doctrine, may a federal court "decide federal issues that are raised in state proceedings and 'inextricably intertwined' with the state court's judgment." See *Datz v. Kilgore*, 51 F.3d 252, 253 (11th Cir. 1995) (quoting *Staley v. Ledbetter*, 837 F.2d 1016, 1018 (11th Cir. 1988)).

The Court is without jurisdiction over Plaintiff's claims. It is **RECOMMENDED** that Plaintiff's application to proceed *in forma pauperis* be denied and that the complaint be **DISMISSED** for lack of jurisdiction.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 23, 2011.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy